AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

FILED
FEB 28 2020
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| United States of America<br>v.<br><br>Carlos Enrique Jimenez<br><br>_____<br>Defendant(s) | )<br>)<br>) Case No. 5:20-mj-1219-JG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 29, 2019__ in the county of __Wake__ in the
__Eastern__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2252A(a)(5)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

_____
Complainant's signature

FBI SA Craig L. Noyes
Printed name and title

On this day, __CRAIG NOYES__
appeared before me via reliable electronic means,
was placed under oath, and attested to the
contents of this Complaint.

Date: __2/28/20__

City and state: __RALEIGH, NC__

_____
Judge's signature

United States Magistrate Judge James E. Gates
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT**

I, Craig Noyes, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been employed with the FBI since January of 2007. Your affiant is currently assigned to the Charlotte Division, Raleigh Resident Agency, North Carolina, to investigate violations of federal law. Your affiant is assigned to the Joint Terrorism Task Force (JTTF) and primarily investigates matters involving domestic and international terrorism, including those laws related to the federal violations below. Furthermore, your affiant has conducted, as well as assisted other law enforcement officers, with physical surveillance, search warrants, and arrests of persons involved in relation to violations of federal law. Between 2002-2007, prior to joining the FBI as a Special Agent, you affiant practiced law in the State of North Carolina as a licensed attorney.

2. Investigations handled on the JTTF occasionally uncover criminal behavior unrelated to the underlying predication for the initial investigation. In such a case, the JTTF generally maintains investigative responsibility but utilizes the expertise of fellow FBI Special Agents who regularly investigate said criminal behavior.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.



4. Based on the facts as set forth in this affidavit, there is probable cause to believe that CARLOS ENRIQUE JIMENEZ (JIMENEZ), DOB March 6, 2000, knowingly received and possessed child pornography and visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. Sections 2252A(a)(5)(B).

## APPLICABLE STATUTES

5. 18 U.S.C. Section 2252A(a)(5)(B) makes it unlawful for any person to knowingly access with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mail, or shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## PROBABLE CAUSE

6. On February 20, 2020, the FBI learned of an ongoing investigation being conducting by the North Carolina State Bureau of Investigation (NC SBI) involving the possession of child pornography by JIMENEZ.

7. As background, on or about September 1, 2019, the parents of a 13 year old boy (victim) reported to the Arlington Police Department in Arlington, Texas that their son was asked to create and send nude photos of himself online. The victim agreed to do this in exchange for images depicting nude girls his own age. A review of the victim's phone did not recover any messages in which the victim was asked to create and send nude photos of himself, likely because the victim had deleted them after the photos and messages were discovered by his parents and before law enforcement was notified. A review of the phone's web history did discover several

2



cloud storage links that contained images depicting what appeared to be child pornography. Four (4) such cloud storage links were hosted by Mega Limited (Mega), a cloud storage and file hosting service based in New Zealand.

8. Upon finding the links, an Arlington PD Detective notified Mega of the specific links containing child pornography. Mega disabled the links and provided basic records information for the accounts associated with the links. One of links was registered to email address aacortez54@gmail.com. The session details for the account registered to aacortez54@gmail.com showed the account had five (5) unique IP addresses that accessed the account. The most recent access was from IP address 71.69.230.20, which accessed the account on June 7, 2019 at 19:15 UTC and on June 8, 2019 at 3:56 UTC.

9. Arlington PD then obtained the subscriber information for IP address 71.69.230.20. The IP address was registered to Irma Cruzado, 4932 Royal Adelaide Way, Raleigh, NC. The Arlington PD then notified the NC SBI as to the results of their investigation.

10. On or about October 29, 2019, the NC SBI executed a search warrant at 4932 Royal Adelaide Way, Raleigh, NC based on the information provided by the Arlington PD. The search recovered an Apple iPhone 8 from JIMENEZ. An examination of JIMENEZ's iPhone identified 30 images that appeared to depict child pornography, with the majority of those 30 images depicting prepubescent children, both boys and girls. All but one of the 30 images were contained in the file path for an instant messaging application known as Kik Messenger. The following are descriptions of five of the 30 images, which were in the file path for Kik Messenger:

   a. Image 1:

1b325b54-a201-43b2-bbaea3dd5eb5c11e_embedded_1.jpg depicts an image of a completely nude, prepubescent female child approximately 6 to 8 years of age laying on her back with legs spread apart displaying her genitals.

b. Image 2:

29b720ae-1080-437e-9170-c021e541be16_embedded_1.jpg depicts an image of a prepubescent male child approximately 10 to 12 years of age wearing only a red t-shirt with his legs spread apart displaying his genitals and anus.

c. Image 3:

99dd9a82-6eda-4c93-b83d-6ccfb1f289f3_embedded_1.jpg depicts an image of a completely nude, prepubescent female child approximately 4 to 8 years old laying on her back with her legs spread apart displaying her genitals.

d. Image 4:

805e4efd-c19e-444b-8947-6f73cabfb966_embedded_1.jpg depicts an image of a prepubescent female child approximately 10 to 12 years old conducting oral sex on a prepubescent male approximately 8 to 12 years old.

e. Image 5:

e3879944-64cf-4481-9987-cccff70899e4_embedded_1.jpg depicts an image of a prepubescent female child approximately 10 to 12 years old exposing her genitals holding a handwritten sign that states, "fuck my cunt!!!"

11. The examination of JIMENEZ's iPhone also located a folder for Mega.nz in the phone's database. Links to the cloud storage Mega were located in the web history of the Puffin Browser as well.

4



12. JIMENEZ was interviewed during the execution of the search warrant by the NC SBI. Jimenez made the following statements:

   a. JIMENEZ stated he was "fucked up in the head" and "had a lot of mental problems." JIMENEZ commented that he struggled with anxiety and depression. JIMENEZ stated his anxiety had progressed to the point that he did not leave his residence and often stayed in his room.

   b. When asked whether he had ever accessed material that depicted the sexual exploitation of children, JIMENEZ initially stated he "was not into that shit."

   c. JIMENEZ discussed his desire to be "edgy," and commented he sometimes sent things to people for "shock value."

   d. After the NC SBI confirmed there was child sexual exploitation material on his phone, JIMENEZ stated he had just been curious. He stated he had been sent child sexual exploitation material over KIK messenger, after he accessed a random chat room.

   e. JIMENEZ did not recall using Mega, or any other cloud storage account to store child sexual exploitation material.

   f. JIMENEZ did not recall sending child sexual exploitation material to anyone, but if he did, he stated he was only for "shock value" of it.

   g. JIMENEZ confirmed he was the person in the residence who had accessed child pornography.

5



## CONCLUSION

13. Based on the foregoing, your affiant respectfully asserts there is probable cause to believe that Jimenez knowingly possessed child pornography and visual depictions of minors engaging in sexual explicit conduct that had been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. Section 2252A(a)(5)(B).

So attested under penalty of perjury, this 25th day of February, 2020.

_____
CRAIG NOYES
Special Agent
Federal Bureau of Investigation

On this day, CRAIG NOYES appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this affidavit.

2/28/20
DATE

_____
JAMES E. GATES
UNITED STATES MAGISTRATE JUDGE

6

